

# THE ATTORNEY GENERAL
# OF TEXAS

GROVER SELLERS

AUSTIN 11, TEXAS

~~XXXXXXXXXXXXXXXXXXXX~~
~~ATTORNEY GENERAL~~

Hon. Claude Isbell
Secretary of State
Austin, Texas

Attention:  J. L. McGarity

Dear Sir:

Opinion No. 0-7479
Re:  Can the Secretary of State
     issue a permit to do business
     in Texas to the American
     Technical Society under the
     facts submitted?

In your letter of October 30, 1946, requesting an opinion of this
department, you are primarily concerned with the question as above
presented in the caption hereto.  You further state that the State
Department of Education referred such corporation to your office in order
that it might obtain from you a certificate to the effect that such
corporation had a permit to do business in Texas.

Accompanying your letter is a photostatic copy of the certificate of
organization of the American Technical Society, No. 9367, issued by the
Secretary of State of the State of Illinois January 29, 1940.  What
apparently constitutes the articles of incorporation of such society
under the laws of the State of Illinois, is attached in photostated form.
In paragraph 2 of this latter document, setting forth the object for
which the society is formed, it is expressly provided that "no pecuniary
profit from the operations of this corporation and no part of the net
earnings of this corporation may or shall at any time inure to the
benefit of any member thereof."  In this respect, we assume the status
of the corporation has remained the same since the date of its
incorporation in 1940.

Four additional questions are presented in your letter which are conditioned
as follows:

> "(2)  If the Secretary of State can issue such permit
> how does he determine his filing fee and franchise tax?
>
> "(3)  If the Secretary of State cannot issue such
> corporation a permit to do business in Texas can such
> corporation enter its bid and supply the State Department
> of Education with Text Books to be used in the Free Schools
> of the State of Texas?

"(4)   If such corporation can bid and supply the State
Department of Education with such Text Books without
obtaining from this office a permit to do business in
Texas and a certificate of good standing then, and in
that event, what character of certificate should the
State Department of Education require of such corporation
. . . .?

"(5)   Is such corporation subject to the Gross Receipts
Tax which is levied upon the sale of text books pursuant
to Section 41 of Article 7047 of Vernon's Annotated
Texas Revised Civil Statutes?"

Article 1529, V. A. C. S., provides:

"Any corporation for  pecuniary profit, except as
hereinafter provided, organized or created under the
laws of any other State, or of any territory of the
United States, or of any municipality of such State
or territory, or of any foreign government, sovereignty
or municipality, desiring to transact or solicit business
in Texas, or to establish a general or special office
in this State, shall file with the Secretary of State a
duly certified copy of its articles of incorporation;
and thereupon such official shall issue to such
corporation a permit to transact business in this State
for a period of ten years from the date of so filing
such articles of incorporation.  If such corporation is
created for more than one purpose, the permit may be
limited to one or more purposes."

As to the primary question concerning issuance  of permit to such
corporation, it would appear that its articles of incorporation bring
it within the holding of our Opinion No. 0-5998 rendered to your office
and approved May 5, 1940, hence requiring no permit.

Answering your request, it is our opinion that:

(1)   The Articles of incorporation dated January 29,
1940, do not require a permit to be issued  the
corporation in question.  Whether or not a corporation
is in truth and in fact a non-profit corporation is a
question of fact.  Our answer, therefore, is limited
to the documents submitted and is based upon and in
accord with your finding as stated in your request
to the effect that its charter discloses the
corporation not organized for profit.

(2)  It necessarily follows from our answer to the first question, your second question requires no answer.

In view of our answer to question No. 1, we answer questions Nos. 3, 4 and 5 as follows in the order presented:

(3)  We know of no statutory restriction nor have we been advised of an facts that would prohibit the State Department of Education from contracting with a corporation not organized for pecuniary profit.

(4)  We know of no character of certificate to be required of the Secretary of State by the State Department of Education other than a permit when the facts require one.

(5)  This question is one of fact.  However, we find no statutory provision that would exempt  the corporation in question from being liable for occupation taxes under Article 7047, Subdivision 41, V. A. C. S.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/  Wm. J. R. King


By
Wm. J. R. King
Assistant

WmK:djm/ ldw

APPROVED NOV. 29, 1946
s/ Harris Toler
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED OPINION COMMITTEE
BY B. W. B.
CHAIRMAN